NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3117
_____

LAURA MEDLIN,
Appellant

v.

AMERICAN AIRLINES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cv-05708)
District Judge:  Hon. Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2019

Before:  CHAGARES, JORDAN, and RESTREPO, *Circuit Judges.*

(Filed:  September 17, 2019)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Laura Medlin appeals the grant of summary judgment for American Airlines ("American") on her hostile work environment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). We will affirm.

## I.    BACKGROUND

Medlin works as a flight attendant for American. According to Medlin, five other American flight attendants – Jim Brown, Matt Allen, Dan Datzer, Kevin Rivera, and Paul Sears – created a hostile work environment through their posts to a closed Facebook group called "Wingnuts." Some of the instances of harassment that Medlin points to include:

- Allen's use of a graphically crude phrase in posts to the Facebook group, which Medlin believed were references to her.

- Allen's posting of an image of Joan Rivers holding both middle fingers in the air, captioned "This is me to all no voters," the reference to "no voters" apparently being to union members who, like Medlin, voted against a union contract.

- Datzer posting a comment stating, "So sorry I can't see the pearls of wisdom that must be dripping from a sows [sic] ear on this thread[,]" referencing comments made by Medlin in a separate conversation.

- Datzer sending a direct Facebook message to Medlin informing her that he had an attorney on retainer.

The "Wingnuts" Facebook group is not owned, controlled, or moderated by American, and Medlin is not a member of the group.[1] And Medlin has had only limited contact with the five men she identifies as harassers. She has never flown with any of

---

[1] Medlin only became aware of the posts when someone anonymously placed a printed copy of the posts in her personal mail file at work.

them.  She has not seen Brown since 2014, has not seen Rivera or Sears since 2009, has only met Allen once in passing in 2013, and has never met Datzer.  The latest instance of alleged harassment that Medlin identifies occurred before October 1, 2015.

In May 2015, Medlin complained to American's human resources department about the Facebook posts.  American responded to Medlin's complaint by directing her to contact Daniel Cleverly in the human resources department.  She got in touch with Cleverly, who ultimately failed to conduct an investigation because the complaint "got lost in [the] shuffle."  (App. at 137.)  The last contact Medlin had with American regarding the posts was an email she sent to Cleverly on June 29, 2016, complaining about his unresponsiveness to her complaints of harassment.

About a month after she sent that email, on August 1, 2016, Medlin filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  The EEOC dismissed the charge for lack of probable cause and issued a Notice of Right to Sue letter to Medlin.  She then filed suit in the District Court, asserting gender discrimination and hostile work environment claims against American under Title VII.  American moved for summary judgment.  The District Court granted that motion, holding that Medlin's claims were untimely and, even if timely, failed on the merits.  Medlin has now appealed.

## II.    DISCUSSION[2]

On appeal, Medlin challenges only the grant of summary judgment on her hostile work environment claim.[3] She contends that the District Court erred in concluding that her claim was untimely and failed on the merits. We need only consider the latter argument.

Even if Medlin's charge of discrimination had been timely filed with the EEOC,[4] her hostile work environment claim does indeed fail on the merits. To prevail, she must

---

[2] The District Court had jurisdiction under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a court's grant of summary judgment and apply the same standard as the District Court to determine whether summary judgment was proper. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). A court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

[3] While Medlin argues that reversal is warranted on her "claims" of discrimination, (Opening Br. at 29,) she makes no argument as to her gender discrimination claim and therefore any argument to that effect is forfeited. *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 503 n.7 (3d Cir. 2010).

[4] For Medlin's claim to be timely, she must have filed her charge of discrimination with the EEOC "within [180] days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Medlin's charge of discrimination was filed on August 1, 2016, so she had to assert at least one act that contributed to the hostile work environment that occurred on or after February 3, 2016. She acknowledges that all of the alleged harassment occurred before October 1, 2015. Nonetheless, she asserts that American's failure to investigate her internal complaint was itself an act that contributed to the hostile work environment and that occurred within the 180-day limitations period. Three of our sister circuits – the First, Second, and Seventh – have rejected that type of argument. *See Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 724 (2d Cir. 2010) (concluding that an employer's failure to investigate a complaint of racial discrimination did not change the terms and conditions of employment, and therefore could not have contributed to a hostile work environment); *Provencher v. CVS Pharmacy*, 145 F.3d 5, 15-16 (1st Cir. 1998) (concluding that an employer's failure to address harassment, although improper, does not itself constitute harassment and a basis

4

show, among other things, that the harassment she experienced was severe and pervasive. *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013). Title VII does not protect against "the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing[,]" but rather protects individuals from extreme conduct that "change[s]" the "terms and conditions of employment[.]" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (citation omitted). For all of the reasons given by the District Court, the crude and thoughtless comments made by a few flight attendants with whom Medlin did not even work fall short of that standard. Additionally, there is no evidence that American's failure to respond to Medlin's complaints and perform an investigation changed the terms of her employment. Therefore, the District Court's grant of American's motion for summary judgment was proper.

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's grant of summary judgment for American.

---

to extend the limitations period); *Speer v. Rand McNally & Co.*, 123 F.3d 658, 664 (7th Cir. 1997) (observing that an employer's failure to remedy alleged harassment is not an independent and actionable wrong that extends the limitations period). We need not address that argument, however, because her claim clearly fails on the merits.